UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOVON DORSEY, JR.,

    Plaintiff,

    v.                                          CAUSE NO. 3:23-CV-52-DRL-JEM

MALLOT, COOK, and CLAY,

    Defendants.

## OPINION AND ORDER

Jovon Dorsey, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Dorsey sues five defendants—Sergeant Mallott, Officer Cook, Lieutenant Clay, and two John Doe Officers—alleging that they used excessive force against him and then denied him medical care on August 2, 2022 at Miami Correctional Facility. According to the complaint, Mr. Dorsey was in restraints and was not posing a threat when these defendants began pulling or "hiking up" his wrist as if to dislocate it. ECF 1 at 2. They also were grinding his wrist against the cuff port to cause him increased pain and damage.

The Eighth Amendment prohibits cruel and unusual punishment—including the application excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Mr. Dorsey states a claim against Sergeant Mallot, Officer Cook, and Lieutenant Clay for using excessive force against him. Although the complaint does not specify precisely how each of the defendants participated in the incident, that information can be learned once the discovery period has opened, and Mr. Dorsey requests the relevant records from defendants (he says the incident was captured on video). Moreover, even if some of the defendants did not physically participate, it can be reasonably inferred that they were able to intervene and stop the alleged use of excessive force. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). The complaint provides these defendants sufficient notice of the claim against them.

However, Mr. Dorsey may not proceed against the John Doe defendants. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of

2

placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Mr. Dorsey will have the opportunity to file an amended complaint after discovery begins if he learns the identities of these unknown officers.

In the complaint, Mr. Dorsey says, after the alleged use of force, his wrist was visibly bleeding and swollen, but the officers denied him medical attention. He says they told him to submit a request for medical assistance; but, due to a long-term prison lockdown, medical requests were being delayed. Mr. Dorsey alleges he still experiences pain that radiates from his hand up to his shoulder blade because of this incident.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Dorsey may proceed against

Sergeant Mallot, Officer Cook, and Lieutenant Clay on this claim, but, for the reasons stated above, not against the unknown officers.

For these reasons, the court:

(1) GRANTS Jovon Dorsey, Jr., leave to proceed against Sergeant Mallot, Officer Cook, and Lieutenant Clay in their individual capacities for compensatory and punitive damages for using excessive force on his restrained wrist and failing to stop the use of excessive force on August 2, 2022, in violation of the Eighth Amendment;

(2) GRANTS Jovon Dorsey, Jr., leave to proceed against Sergeant Mallot, Officer Cook, and Lieutenant Clay in their individual capacities for compensatory and punitive damages for deliberate indifference to a serious medical need following the alleged use of force on August 2, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES John Doe #1 and John Doe #2;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Mallot, Officer Cook, and Lieutenant Clay at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Mallot, Officer Cook, and Lieutenant Clay to respond, as provided for in the Federal Rules of Civil Procedure and

N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 28, 2023

*s/ Damon R. Leichty*
Judge, United States District Court