UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOVON DORSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> SGT. MALLOT *et al.*, <br><br> Defendants. | CAUSE NO. 3:23-CV-52-DRL-JEM |

OPINION AND ORDER

Jovon Dorsey, Jr., a prisoner without a lawyer, is proceeding in this case against Sergeant Mallot, Officer Cook, and Lieutenant Clay on Eighth Amendment claims for (1) "using excessive force on his restrained wrist and failing to stop the use of excessive force on August 2, 2022," and (2) "deliberate indifference to a serious medical need following the alleged use of force on August 2, 2022[.]" ECF 10 at 4. The defendants filed a motion for summary judgment, arguing Mr. Dorsey didn't exhaust his administrative remedies before filing this lawsuit. ECF 19. Mr. Dorsey filed a response, and the defendants filed a reply. ECF 24, 25. The summary judgment motion is now fully briefed.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* "Prison officials may not take unfair advantage of the

2

exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Mr. Dorsey didn't exhaust his administrative remedies before filing this lawsuit because the prison's grievance office has no record of ever receiving any grievance from him related to the August 2, 2022 incident. ECF 20 at 5-8. Mr. Dorsey responds his administrative remedies were unavailable because he submitted grievances regarding the August 2 incident but never received any receipt or response from the grievance office. ECF 24.

Mr. Dorsey provides evidence showing that, on August 2, 2022, he submitted a grievance complaining the defendants used excessive force and denied him medical care earlier that day. ECF 24-1 at 3. Despite mailing the August 2 grievance directly to the Grievance Specialist, Mr. Dorsey never received any receipt or response from the grievance office. ECF 24 at 2. On August 18, 2022, Mr. Dorsey submitted a second grievance notifying the Grievance Specialist he never received any receipt or response to his August 2 grievance and requesting as relief that the Grievance Specialist investigate and respond to his August 2 grievance. ECF 24-1 at 5. Mr. Dorsey again received no receipt or response from the grievance office related to his August 18 grievance. ECF 24 at 2. Mr. Dorsey then submitted numerous written notices to various parties including the Warden and the Grievance Specialist notifying them that he never received any receipt or response to his August 2 and August 18 grievances. ECF 24-1 at 7-8, 10-12, 14-15, 19, 21, 23, 25, 27, 29, 31-32, 34-38. He also requested appeal forms and attempted to

3

appeal the non-response to his grievances, but did not receive an appeal form. *Id.* at 25, 31-32, 34, 36.

Here, the Offender Grievance Process provides that, in the event that an inmate submits a grievance and does not receive a receipt or response from the grievance office within ten business days, the inmate must "notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 19-2 at 9. Mr. Dorsey complied with this requirement by submitting numerous written notices to the Grievance Specialist informing him of the lack of response to his August 2 grievance. However, there is no evidence the Grievance Specialist ever responded to Mr. Dorsey's August 2 grievance or any of his written notifications. This left Mr. Dorsey without any available administrative remedies.

In their reply, the defendants argue that, even assuming Mr. Dorsey submitted his August 2 grievance and never received any response, he still had available administrative remedies because he should have treated the lack of response as a denial and proceeded with filing a Level 1 grievance appeal. ECF 25 at 7. But Mr. Dorsey has provided undisputed evidence he submitted requests for Level 1 appeal forms that went unanswered. Regardless, the Offender Grievance Process only allows an inmate to submit a Level 1 appeal if he receives no response from the grievance office "within twenty (20) business days of the Offender Grievance Specialist's *receipt* of the grievance[.]" ECF 19-2 at 12 (emphasis added). Here, because there is no evidence the

4

Grievance Specialist ever received or issued a receipt for Mr. Dorsey's August 2 grievance, the Offender Grievance Process never allowed him to submit a Level 1 appeal.

Accordingly, Mr. Dorsey has provided undisputed evidence the grievance office made his administrative remedies unavailable by failing to respond to his August 2 grievance and subsequent written notices. Therefore, the defendants have not met their burden to show Mr. Dorsey had available administrative remedies he didn't exhaust before filing this lawsuit. For these reasons, the defendants' motion for summary judgment (ECF 19) is DENIED.

SO ORDERED.

November 9, 2023                                       *s/ Damon R. Leichty*
                                                       Judge, United States District Court